UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MORGAN HARRIS,** | ) | **CASE NO.  1:14 CV 420** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **NORTHCOAST HEALTHCARE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Morgan Harris filed the above-captioned Petition for a Writ of Habeas

Corpus under 28 U.S.C. § 2254.  Petitioner is detained in the Northcoast Healthcare Facility,

having been indicted on one count of Aggravated Robbery, with Prior Conviction and Repeat

Violent Offender specifications.  In the Petition, he alleges the indictment was issued in the

September of 2013 grand jury term when the crime was committed on November 12, 2013.  For

the reasons set forth below, the Petition is denied and this action is dismissed.

**I.  BACKGROUND**

Petitioner was indicted on November 20, 2013 on charges of Aggravated Robbery with

specifications.  The indictment, issued during the grand jury term of "September of 2013,"

indicates the crime was committed on November 12, 2013.  Those charges are still pending

against Petitioner.

Petitioner filed this habeas action to challenge that indictment.  He asserts one ground for

relief:

> How can I be indictment [sic] in 9-1-13 for a crime 2-3 month
> [sic] in the future 11-11-13 when I ask for a third party psych test
> such as CIA, FBI or Secret Service lie and psych test, because
> there was no separation of law of judge, jury and killer.  Also
> there was no due process of law.

(Pet. ECF No. 1 at 6).

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended

28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions

filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v.

Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences,

and 'to further the principles of comity, finality, and federalism.'"  *Woodford*, 538 U.S. at 206

(citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when

reviewing an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court, a determination of a factual issue made by a State court shall be

presumed to be correct.  *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008).

The Petitioner has the burden of rebutting the presumption of correctness by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court, therefore, may not grant habeas

relief on any claim that was adjudicated on the merits in any state court unless the adjudication

of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the

United States; or (2) resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d);

*Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is

"diametrically different, opposite in character or nature, or mutually opposed" to federal law as

determined by the Supreme Court of the United States.  *Williams v. Taylor*, 529 U.S. 362, 405

(2000).  In order to have an "unreasonable application of ... clearly established Federal law," the

state-court decision must be "objectively unreasonable," not merely erroneous or incorrect.  *Id*.

at 409.  Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta.

*Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it

represents a "clear factual error."  *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).  In other

words, a state court's determination of facts is unreasonable if its finding conflicts with clear and

convincing evidence to the contrary.  *Id.*  "This standard requires the federal courts to give

considerable deference to state-court decisions."  *Forensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.

2007).  AEDPA essentially requires federal courts to leave a state court judgment alone unless

the judgment in place is "based on an error grave enough to be called 'unreasonable.'"  *Herbert*

*v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### III.  PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a petition for a writ of habeas corpus, a

petitioner must overcome several procedural hurdles.  Specifically, the petitioner must surmount

the barriers of exhaustion, procedural default and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no

remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).  Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.  *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; 3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law."  *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state

-4-

court.  *Id.*  This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary.  *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted, the court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.  *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986).  A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## III. ANALYSIS

Petitioner has not exhausted his state court remedies. The charges against him are still pending and he therefore can raise this claim in the course of his criminal case. In the event he is convicted, he can raise this claim on appeal to the Ohio Court of Appeals and the Ohio Supreme Court.

As explained above, a petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court

conviction without an opportunity to the state courts to correct a constitutional violation."
*Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted).  Where a habeas petition
contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to
pursue his available state remedies.  *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also*
*O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has
been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow
purposes only").

### III. CONCLUSION

Accordingly, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to
Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28
U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that
there is no basis upon which to issue a Certificate of Appealability.  28 U.S.C. § 2253; Fed. R.
App. P. 22(b).

IT IS SO ORDERED.


s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  August 1, 2014